UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PHILLIP TYLER W. HAMMONS** | : | CIVIL ACTION NO. 13-cv-2879 |
| BOP # 26306-064 | : | |
| **VERSUS** | : | JUDGE MINALDI |
| | : | |
| **C. MAIORANA** | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by petitioner Phillip Tyler Wayne Hammons. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"); he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Background*

On March 29, 2011, following a guilty plea, petitioner was convicted in the United States District Court for the Western District of Oklahoma (Oklahoma City) of bank robbery with a firearm, and aiding and abetting in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2(b). He was sentenced in the Western District of Oklahoma to 84 months imprisonment to be followed by three years of supervised release. Doc. 1. He did not appeal his conviction or sentence and did not file a *habeas corpus* petition pursuant to 28 U.S.C. § 2255. *Id.* at 2, 3.

On October 16, 2013 petitioner filed the current *habeas corpus* petition pursuant to 28 U.S.C. § 2241 which raises the following claims: the BOP is illegally executing his sentence per the unconstitutional sentencing guidelines, the district court imposed an illegal sentence, his sentence was wrongfully determined by the aggregate enhancements, and the district court lacked subject matter jurisdiction.  Doc. 1, att. 2, p. 3.

Petitioner asks this court to vacate his sentence, including his term of supervised release.  *Id. at* 10.

### *Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, petitioner collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence.  Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause."  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent

offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Petitioner does not satisfy the criteria set forth above. Petitioner argues that in light of the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States,* ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the district court could not have imposed the sentence based solely on the facts he admitted in the plea proceeding. More specifically, he claims that his conviction is void as sentence enhancements, including supervised release, were not included in his indictment.

Petitioner is correct in that *Apprendi* and its progeny hold generally that any fact that increases the penalty for a crime is an "element" of the crime that must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Booker*, 543 U.S. at 756; *Alleyne*, 133 S.Ct. at 2163. However, he does not establish that his claim is based on a retroactively applicable Supreme Court decision. Contrary to petitioner's contentions, there is no indication in *Alleyne,* the only case decided subsequent to petitioner's conviction, that the Supreme Court made its holding retroactive to cases on collateral review.

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Further, the Fifth Circuit Court of Appeal addressed this argument in *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) noting that "*Alleyne*

is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review." The Fifth Circuit also noted that the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review. *Id.*

Petitioner has also failed to show that the Supreme Court made either *Apprendi* or *Booker* retroactively applicable to cases on collateral review. *See In re Elwood*, 408 F.3d 211, 213 (5th Cir.2005)(stating that *Apprendi* and *Booker* are not retroactively applicable to cases on collateral review).

*Conclusion*

Since petitioner has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of August, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE